1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12

EDWARD GILLIGAN et al.,

Plaintiffs,

v.

ROBERTA F. KANIVE et al.,

Defendants.

CASE NO.  C11-5061BHS/JRC

ORDER DENYING PLAINTIFFS'
MOTION TO REMAND TO STATE
COURT

13
14
15
16
17
18

This 42 §1983 civil rights matter, which was removed from state court, has been referred

19
to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and(B) and Local
20
21
Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiffs' motion to
22
return the action to state superior court (ECF No. 8).  Plaintiffs argue the defendants have
23
misread the complaint or, in the alternative, plaintiffs ask that any federal claims be "dismissed
24
without prejudice."  (ECF No. 8, page 3).
25

Ground for relief two alleges a violation of the cruel and unusual punishment clause

26
under the Eighth Amendment.  The claim is made pursuant to 42 U.S.C. §1983 (ECF No. 1,

ORDER - 1

complaint, page 13).  Ground for relief three alleges an equal protection violation, which arises under the Fourteenth Amendment.  This claim is also made pursuant to 42 U.S.C. §1983 (ECF No. 1, complaint, page 16).  Both claims are federal claims raising federal questions.  The claims could have been originally filed in this court.  Defendants have the right to remove the action to federal court.  Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 474 (1998).

Plaintiffs' request that federal claims be dismissed without prejudice is denied.  Jurisdiction for removal is determined at the time of removal and dismissal of federal claims does not mandate return of the action to state court.  See Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).  In that case, plaintiff initially filed a state court complaint including federal claims, which defendants removed to federal court.  Plaintiff then amended the complaint to drop these federal claims, in an attempt to have the matter remanded to state court.  The court refused to do so:

> . . .  jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments. See Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir.1991). Because of this rule, a plaintiff may not compel remand by amending a complaint to Eliminate the federal question upon which removal was based.

Therefore, because plaintiffs' complaint contained federal claims at the time of removal, dismissal of those claims at this point will not divest this court of jurisdiction.  Since plaintiffs may proceed on all claims in this court, including the federal claims alleged, plaintiffs may wish to reconsider before dismissing the claims.   Although plaintiffs have a right to bring a motion for voluntary dismissal under Fed. R. Civ. P. 41(a), this motion to dismiss will be denied without prejudice to allow plaintiffs to consider whether voluntary dismiss of the federal claims is appropriate under the circumstances.

1    The Clerk of Court is directed to send a copy of this Order to plaintiffs and remove (ECF

2    No. 8 from the court calendar.

3        DATED this 10th day of March 2011.

4

5

6

7        J. Richard Creatura
         United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 3