UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD PAUL GILLIGAN et al.,

Plaintiff,

v.

ROBERTA F. KANIVE, et al.,

Defendants.

CASE NO.  C11-5061BHS/JRC

ORDER ON PENDING MOTIONS

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.  The matter is before the court on three interrelated motions (ECF No. 12, 13, and 15).

The first motion is a request by one plaintiff, Mr. Hargrove, to stay the action for sixty days (ECF No. 12).  Mr. Hargrove has not shown the court that his motion was served on the other plaintiffs, or defense counsel.  Therefore court cannot entertain the motion at this time.  All papers should contain a certificate of service showing the court who has been served.  The motion is denied. Mr. Hargrove also asks what court action was taken on a request to drop the

ORDER - 1

federal claims in the complaint and return the case to state court.  The request to drop the federal

claim was denied without prejudice (ECF No. 11). The case remains in federal court.

Two other pending motions are noted to be heard in the near future; one is a motion to

compel discovery, and the other is a response and request regarding scheduling (ECF No. 13 and

15).

The motion to compel is denied because it was filed prior to the parties meeting and

conferring.   The motion was filed March 28, 2011, (ECF No. 12).  The parties conferred April 5,

2011 (ECF No. 14, page 2 ¶ 2).  Local Rule 37 (a) (1) (B) mandates a meeting prior to filing a

motion to compel.  Further, the motion sought free copies of medical records and other

documents. A grant of in forma pauperis status does not give plaintiffs a right to have documents

copied at government expense. In re Richard, 914 F.2d 1526 (6th Cir. 1990).

The final motion is a request to extend the scheduling dates in this case (ECF No. 15).

Counsel indicates in her affidavit regarding discovery (ECF No. 14) that she agreed to an

extension of the dates and she has filed a motion to bring the matter to the court's attention.  As

the matter appears to be agreed, there is no reason to wait until April 22 to hear the motion.  The

motion is granted.  The new scheduling order is as follows:

<u>Discovery</u>

All discovery shall be completed by **August 12, 2011**.  Service of responses to

interrogatories and to requests to produce, and the taking of depositions shall be completed by

this date.  Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served

within thirty (30) days after service of the interrogatories.  The serving party, therefore, must

serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the

other party time to answer.

ORDER - 2

Motions

Any dispositive motion shall be filed and served on or before **September 9, 2011**.  The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's calendar.  That date shall be the fourth Friday following filing of the dispositive motion.  All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion.  If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit.  The party making the motion may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits. The documents must indicate in the upper right-hand corner the name of the magistrate judge to whom the documents are to be delivered.

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

ORDER - 3

Joint Status Report

Counsel and pro se parties are directed to confer and provide the court with a joint status report by no later than **January 14, 2012**.  The joint status report shall contain the following information by corresponding paragraph numbers:

1.      A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2.      A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3.      A list of all exhibits to be offered into evidence at trial;

4.      A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

5.      Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

6.      Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

7.      Any other suggestions for shortening or simplifying the trial in this case;

8.      The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

9.      The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

10.     Whether the trial will by jury or non-jury;

11.     The number of trial days required, and suggestions for shortening trial;

12.    The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs.  Separate reports are not to be filed.  Plaintiff's counsel (or plaintiff, if pro se) will be responsible for initiating communications for the preparation of the joint status report.

<u>Proof of Service & Sanctions</u>

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se).  The proof shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court.  Such proof of service shall accompany both the original and duplicates filed with the Clerk.  Failure to comply with the provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

The clerk's office is directed to remove deadlines for ECF Nos. 12, 13, and 15 from the court calendar.

DATED this 12th day of April, 2011.


J. Richard Creatura
United States Magistrate Judge

ORDER - 5