UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD PAUL GILLIGAN et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERTA F. KANIVE et al.. <br><br> Defendants. | CASE NO. C11-5061-BHS-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: October 28, 2011 |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The last remaining plaintiff, Thomas Hargrove, asks to dismiss this action without prejudice pursuant to Fed. R. Civ. P 41 (a) (ECF No. 27). The defendants oppose Mr. Hargrove's motion (ECF No. 28). Plaintiff has replied (ECF No. 29). The Court recommends granting plaintiff's motion to dismiss without prejudice because defendants do not show legal prejudice..

REPORT AND RECOMMENDATION - 1

## Procedural History

In May and June of 2011, the other plaintiffs filed motions asking the Court to voluntarily dismiss the action (ECF No. 21, 22, and 23). Mr. Hargrove did not specifically join in those motions, but he mailed one of the motions to court and was certainly aware the motions were pending (ECF No. 21). He did not oppose the other plaintiff's actions. This Court issued a Report and Recommendation to dismiss the entire action, including plaintiff Hargrove's action (ECF No. 24).

While that Report and Recommendation was pending, defendants filed a timely motion for summary judgment (ECF No. 25). After defendants filed their motion for summary judgment, Judge Settle issued an order adopting in part and declining to adopt in part, this Court's Report and Recommendation, stating that plaintiff Hargrove did not specifically move for dismissal and therefore his action was still pending. (ECF No. 26). Six days later, plaintiff Hargrove moved to voluntarily dismiss the action (ECF No. 27). Defendants have filed a response and argue that because plaintiff did not join in the first motion defendants expended considerable effort in preparing declarations and filing a dispositive motion (ECF No. 28). Plaintiff has replied and states that he thought he was part of the motion to voluntarily dismiss because he prepared Mr. Gillian's motion and mailed it (ECF No. 29).

## Discussion

"The Ninth Circuit has long held that the decision to grant voluntary dismissal under Rule 41 (a)(2) is addressed to the sound discretion of the District Court." Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982) Fed. R. Civ. P. 41

allows for dismissal only by court order and on terms the court believes proper after an answer or motion for summary judgment has been filed.

"The Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." Williams v. Peralta Community College District, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

Here both parties agree to dismissal, the question is whether the dismissal should be with or without prejudice. The purpose of the Rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal. Stevedoring Services of America v. Armilla International B.V., 889 F.2d 919, 921 (9th Cir. 1989). Normally a court grants the motion unless the defendant can show "plain legal prejudice." Id.

Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." Westlands Water District v. United States, 100 F.3d 94, 97 (9th Cir. 1996). Defendant's expense in defending a lawsuit and the potential of having to defend a second action is not legal prejudice. Id.

The effort and expense of preparing and drafting a motion for summary judgment does not form the basis for legal prejudice. In re Lowenschuss, 67 F.3d 1394, 1400-01 (9th Cir. 1995); Hyde & Drath v, Baker, 24 F.3d 1162, 1169 (9th Cir. 1994); Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d at 146 (9th Cir. 1982).

Defendants did not believe Mr. Hargrove was part of the first motion to dismiss because he did not specifically join in that motion. Reasonable minds could differ as to

whether Mr. Hargrove was part of the first motion. This Court included Mr. Hargrove in its Report and Recommendation (ECF No. 24). However, the defendants and the District Court did not believe Mr. Hargrove was part of the motion (ECF No. 26). Plaintiff Hargrove quickly clarified his desire to seek voluntary dismissal by filing his motion to dismiss less than one week after Judge Settle issued his order excluding plaintiff Hargrove from the dismissal. It appears that the time defendants spent preparing the motion for summary judgment was spent after this Court had recommended dismissal of the entire case and before Judge Settle had determined that the case should remain open as to Plaintiff Hargrove. Plaintiff Hargrove acted promptly to clarify his desire for voluntary dismissal after Judge Settle ruled that he was not dismissed from the case.

Under these circumstances, it is appropriate that this Court allow plaintiff Hargrove to voluntarily dismiss his case, under the same terms as was granted to plaintiffs Gilligan, Brooks, and Staton (See ECF 26).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 28, 2011 as noted in the caption.

Dated this 4th day of October, 2011.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge